IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00754-KDB-DCK

MICHAEL MACON,

    Plaintiff,

v.

FEDERAL EMERGENCY
MANAGEMENT AGENCY AND
TOWN OF FAIRVIEW, NORTH
CAROLINA,

    Defendants.

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 2) and Defendants' Motions to Dismiss the Amended Complaint (Doc. Nos. 20, 23).[1] The Court has carefully considered these motions, the parties' briefs and exhibits and oral argument on the motion from the parties' counsel on February 26, 2026. As discussed below, Plaintiff's request to Defendant Federal Emergency Management Agency ("FEMA") for approval to build a bridge on his property has not been decided by the agency, and Defendant Town of Fairview, North Carolina ("Fairview" or the "Town") has held several hearings on Plaintiff's bridge request, thereby providing Plaintiff sufficient due process. Therefore, the Court will **GRANT** Defendants' motions and **DENY** Plaintiff's request for temporary injunctive relief.[2]

---

[1] Defendants' Motions to Dismiss the initial Complaint (Doc. Nos. 11, 13) are mooted by the filing of the Amended Complaint.

[2] Entering the TRO would further require this Court to contradict a North Carolina state court ruling prohibiting Plaintiff from building the bridge, which the Court is unwilling to do with respect to this matter of intensely local concern.

1

## I. LEGAL STANDARD

### A. Rule 12(b)(1)

FEMA seeks dismissal of Plaintiff's Complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). "The United States Courts are courts of specifically limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed." *Chris v. Tenet*, 221 F.3d 648, 655 (4th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Whether the court holds subject-matter jurisdiction over an action must be considered before addressing its merits. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

Ripeness is a justiciability doctrine intended to prevent the courts from entangling themselves in premature disputes.[3] *See, e.g.*, *National Park Hospitality Ass'n v. Department of Interior*, 538 U.S. 803, 807-08 (2003). *Travelers Com. Ins. Co. v. Jester*, No. 522CV00040KDBDSC, 2022 WL 17751426, at *4 (W.D.N.C. Dec. 19, 2022). "The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Id.* (internal quotations and citations omitted). "[I]ts basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 199 (4th Cir. 2019) (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148-49 (1967)). "A case fails for lack of ripeness 'when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts.'" *Galeas v. Noem*, No. 3:25-CV-00552-KDB-SCR, 2026 WL 27286, at *1 (W.D.N.C. Jan. 5, 2026) *quoting Patel v. Noem*, 788 F. Supp. 3d 950, 956 (N.D. Ill. 2025)). In determining ripeness, "[a] case is fit for judicial decision when the issues are purely legal and

---

[3] In addition to a lack of "ripeness," FEMA seeks dismissal under Rule 12(b)(1) on the grounds of sovereign immunity and lack of standing. Because Plaintiff agrees that his claims against FEMA are not ripe, the Court need not address FEMA's alternate grounds for dismissal.

2

when the action in controversy is final and not dependent on future uncertainties." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (internal citation omitted).

B.  **Rule 12(b)(6)**

Fairview moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom*. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

C.  **Rule 65 - Temporary Restraining Order**

A temporary restraining order ("TRO") or preliminary injunction entered pursuant to Federal Rule of Civil Procedure 65 is "an extraordinary remedy that may only be awarded upon a

3

clear showing that the plaintiff is entitled to such relief" and may never be awarded "as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 24, 32 (2008) (noting that even issuance of a permanent injunction after trial "is a matter of equitable discretion; it does not follow from success on the merits as a matter of right."); *Dassault Systemes SolidWorks Corp. v. Acme High Performance Lab'ys, LLC*, No. 5:24-CV-00207-KDB-DCK, 2024 WL 4271598, at *1 (W.D.N.C. Sept. 23, 2024). The Fourth Circuit has similarly recognized that the grant of such a remedy involves "the exercise of a very far-reaching power, which is to be applied only in [the] limited circumstances which clearly demand it." *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (*en banc*).

To receive an injunction prior to a final decision on the merits, a plaintiff must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm without the preliminary injunction; (3) the balance of equities tips in his favor; and (4) the injunction is in the public interest. *Winter*, 555 U.S. at 20; *Mountain Valley Pipeline, LLC v. Western Pocahontas Properties Limited Partnership*, 918 F.3d 353, 366s (4th Cir. 2019); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Each of these four requirements must be satisfied.

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiff owns real property in Indian Trail, North Carolina, and alleges that his property is only accessible through construction of a bridge crossing Goose Creek. (Doc. No. 15 ¶¶ 1, 7). In 2021, Fairview issued a permit for a temporary bridge to be constructed to cross Goose Creek to access the property. (*Id.* ¶ 7; Doc. No. 22-4). On December 14, 2023, the permit was revoked due to safety concerns raised by the North Carolina Department of Public Safety, Division of Emergency Management. (Doc. Nos. 15 ¶¶ 10 -12; 22-4). Plaintiff appealed that order and the

4

Case 3:25-cv-00754-KDB-DCK    Document 29    Filed 03/04/26    Page 4 of 10

Fairview Town Council held three public hearings on the matter on April 10, April 30 and September 11, 2024. (Doc. No. 22-4). On September 24, 2024, Fairview issued a Decision Letter stating that a temporary permit, effective for 12 months, would be issued for the existing temporary bridge, allowing Plaintiff time to pursue a Conditional Letter of Map Revision ("CLOMR") and Letter of Map Revision (LOMR) from FEMA. (*Id.*). The Temporary Permit issued on October 1, 2024. (*Id.*).

On August 5th, 2025, Fairview's Town Council held a hearing to decide whether Fairview should sign the "community acknowledgement" supporting Plaintiff's proposed CLOMR application. Based on the consideration of a "no-rise" analysis and citizen testimony, the Council instructed the town administrator not to concur with the application and instead provide Plaintiff with a letter stating the reasons for its decision. The letter was provided to Plaintiff on August 7, 2025, and Plaintiff submitted a CLOMR application to FEMA on September 10, 2025. (Doc. No. 15 ¶ 13). However, Plaintiff did not seek to renew the temporary permit so it expired on or about October 1, 2025. (Doc. No. 22-4). At oral argument FEMA counsel represented that FEMA has reviewed Plaintiff's CLOMR application, has requested additional information, and will continue to review Plaintiff's application after receiving that information from him. Thus, Plaintiff's CLOMR application is still in process and it is currently unknown how FEMA will ultimately rule.

Litigation related to the bridge has been filed in both state and federal court. In this action, Plaintiff alleges that Fairview failed to review or process the CLOMR application based on a "preliminary, outdated hydraulic analysis" or "no-rise" analysis without review of Plaintiff's CLOMR application. (Doc. No. 15 ¶¶ 16–17), and he seeks to compel the Town to act "properly" on the CLOMR application. (*Id.* ¶¶ 21–22). More specifically, Plaintiff has asserted three claims against the Town for: (1) a claim for declaratory and injunctive relief under 28 U.S.C. § 2201; (2)

a procedural due process claim under 42 U.S.C. § 1983; and (3) an equal protection (class-of-one) claim under 42 U.S.C. § 1983. (*Id.* ¶¶ 23-28). As to FEMA, Plaintiff claims that the agency violated the Administrative Procedure Act, alleging that "FEMA's actions and inactions are arbitrary, capricious, and an abuse of discretion under 5 U.S.C. §706." (*Id.* ¶¶ 20, 24). Plaintiff has also filed two actions in Union County (North Carolina) Superior Court relating to his use of a temporary bridge on his real property. *See Macon v. Town of Fairview*, Case No. 25CV005201-890; *Macon v. Town of Fairview*, Case No. 25CV004936-890. In both cases, the Superior Court has denied Plaintiff's request for injunctive relief relating to the use of a temporary bridge on his real property. (*See* Doc. No. 14 at 2 n. 1).

The Town has also filed an action against Plaintiff to enjoin his use of the temporary bridge. (*See* Doc. No. 22-4). On December 5, 2025, Union County Superior Court issued a restraining order on behalf of the Town restricting Plaintiff's use of the bridge as it was determined to "be [in an] unsafe and dangerous condition and presents substantial hazard to public safety and the environment" and because Mr. Macon "will continue to use the bridge, and permit others to do so, unless restrained by order of this Court." (Prelim. Inj. Ord., *Town of Fairview v. Michael Macon*, 25CV005962-890, Dec. 5, 2025) (Doc. No. 21-1; *see also* Doc. No. 15 ¶¶ 29–33).

The pending motions have been fully briefed, and the Court held oral argument on the motions on February 26, 2026. Plaintiff and counsel for Defendants appeared at the hearing and presented their respective arguments. The motions are ripe for the Court's ruling.

### III. DISCUSSION

#### A. FEMA

As described above (and acknowledged by Mr. Mason at oral argument), Plaintiff's claims against FEMA are premature. FEMA has not yet finished its review of Plaintiff's CLOMR

application, and FEMA may or may not ultimately act favorably on the application. That is, at this point, Plaintiff can only speculate whether or not he will be harmed by FEMA's conduct. Therefore, Plaintiff's claims against FEMA are not sufficiently ripe to support the Court's jurisdiction. *See Galeas*, 2026 WL 27286, at *1. Accordingly, FEMA's motion to dismiss will be granted and Plaintiff's claims against the agency dismissed without prejudice.

B.  **The Town of Fairview**

Plaintiff's claims against the Town will also be dismissed. First, Plaintiff's claim for declaratory and injunctive relief under 28 U.S.C. § 2201 fails for a similar reason as Plaintiff's FEMA claim – the claim is not ripe. The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," a federal district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). One of the required elements of a viable declaratory judgment claim is that the complaint must allege "an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Volvo Const. Equipment N.A., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 592 (4th Cir. 2004). Further, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). As discussed above, FEMA has not yet finished considering Plaintiff's CLOMR application. Also, the Town's final consideration of Plaintiff's bridge request – which has not occurred – depends, at least in part, on FEMA's uncertain ruling. Therefore, there is no "immediate," actual controversy sufficient for the Court to issue a declaratory judgment for either party, and the claim must be dismissed.

Second, Plaintiff alleges that the Town has violated his right under the Fourteenth Amendment to due process. The record shows otherwise. To succeed on his due process claim, Plaintiff must prove (1) a cognizable "liberty" or "property" interest; (2) the deprivation of that interest by "some form of state action"; and (3) that the procedures employed were constitutionally inadequate. *Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 145 (4th Cir. 2009) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988)). Even assuming Plaintiff has a property right in the Town's favorable review of his bridge request,[4] the Town has indisputably provided Plaintiff with constitutionally adequate due process in the form of numerous public hearings and a deliberative process, even if Plaintiff is unhappy with its outcome so far. *See Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013) ("Procedural due process simply ensures a fair process before the government may deprive a person of life, liberty, or property, … but 'does not require certain results.'") (internal citations omitted); *Tri Cnty. Paving, Inc. v. Ashe Cnty.*, 281 F.3d 430, 436 (4th Cir. 2002) (Due process of law generally requires that a deprivation of property "be preceded by notice and opportunity for hearing appropriate to the nature of the case."). Therefore, Fairview is entitled to dismissal of Plaintiff's due process claim.

Third, Plaintiff's equal protection claim against the Town is easily resolved. At oral argument, upon understanding that he would have to establish the similarity of other properties that he contends the Town may have treated differently, Plaintiff stated that "I'm fine with [the

---

[4] This assumption is generous. If the law permits authorities to use discretion to refuse to issue a permit, there is "no protectible property interest in the permit." *Nance v. City of Albemarle, N. Carolina*, 520 F. Supp. 3d 758, 794 (M.D.N.C. 2021) (citation omitted); *accord Pulte Home Corp. v. Montgomery Cnty.*, 909 F.3d 685, 692 (4th Cir. 2018) ("Just last year, in *Siena Corp. v. Mayor & City Council of Rockville, Maryland*, 873 F.3d 456, 463 (4th Cir. 2017), this court reiterated the longstanding rule that any 'significant discretion' left to 'zoning authorities defeats the claim of a property interest.'").

equal protection claim] being dismissed," so long as the Court addressed his "primary due process claim." There is no question that an equal protection plaintiff must "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful government decision." *Sansotta*, 724 F.3d at 542. Accordingly, in the absence of such a showing, and with the consent of Plaintiff, his equal protection claim will be dismissed.

### C.   Plaintiff's TRO Motion

Finally, having determined that Plaintiff's claims must be dismissed for the reasons discussed above, he cannot establish a likelihood of success on the merits, the first required element of a temporary restraining order. *Winter*, 555 U.S. at 20. Therefore, Plaintiff's motion for a TRO will be denied.

### IV.   ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant FEMA's Motion to Dismiss (Doc. No. 20) is **GRANTED** and Plaintiff's claims against FEMA are dismissed without prejudice**;**

2. Defendant Town of Fairview's Motion to Dismiss (Doc. No. 23) is **GRANTED** and Plaintiff's claims against the Town are dismissed without prejudice, except for his due process claim, which is dismissed with prejudice;

3. Plaintiff's Motion for a Temporary Restraining Order (Doc. No. 2) is **DENIED**; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 4, 2026

Kenneth D. Bell
United States District Judge